

FILED
JAN 1 1 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

BOARD OF TRUSTEES, NATIONAL )
   STABILIZATION AGREEMENT OF THE )
   SHEET METAL INDUSTRY TRUST FUND, )
BOARD OF TRUSTEES, SHEET METAL )
   WORKERS' NATIONAL PENSION FUND, )
BOARD OF TRUSTEES, INTERNATIONAL )
   TRAINING INSTITUTE FOR THE SHEET )
   METAL AND AIR CONDITIONING )
   INDUSTRY, )      CIVIL ACTION NO: |:13CV51
BOARD OF TRUSTEES, SHEET METAL )
   WORKERS' INTERNATIONAL ASSOCIATION )      CMH/TCB
   SCHOLARSHIP FUND )
SHEET METAL OCCUPATIONAL HEALTH )
   INSTITUTE TRUST )
NATIONAL ENERGY MANAGEMENT )
   INSTITUTE COMMITTEE )
8403 Arlington Boulevard )
Fairfax, VA 22031 )
   )
             Plaintiffs, )
   )
    v. )
   )
TNT SHEETMETAL, INC. )
   d/b/a TNT Sheet Metal Inc. )
   d/b/a TNT Sheet Metal )
383 Lowell Street )
Wakefield, MA 01880 )
   )
             Defendant. )

**COMPLAINT**

Plaintiffs, by undersigned counsel, complain as follows.

**JURISDICTION**

1.    This Court has jurisdiction over the subject matter of this action under 29

U.S.C. §§1132, 1145; 29 U.S.C. §185(a); and/or 28 U.S.C. §1331. The claims asserted all

are made under federal statutes or federal common law, but the supplemental jurisdiction of

the Court under 28 U.S.C. §1367(a) also extends to any claims that are found to lie under state law.

2.    A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h) .

## VENUE

3.    Venue lies in the Eastern District of Virginia under 29 U.S.C. §1132(e)(2), 29 U.S.C. §185(a) and/or 28 U.S.C. §1391(b).

## PARTIES

4.    Plaintiff Board of Trustees, National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI") is the collective name of the trustees of the National Stabilization Agreement of the Sheet Metal Industry Trust Fund, a trust established under 29 U.S.C. § 186(c)(5).  The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee welfare benefit plan," within the meaning of 29 U.S.C. §§1002(37),(1), with two benefit schedules, known as the National Stabilization Agreement of the Sheet Metal Industry Trust Fund Amended and Restated Rules and Regulations (for construction employees) and the National Stabilization Agreement of the Sheet Metal Industry Trust Fund Industrial & Production Employee Amended and Restated Rules and Regulations f/k/a "SASMI-II" (for production and industrial employees).  The trust, its trustees and plan are jointly or severally referenced as "SASMI" in this Complaint.

5.     Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund, a trust established under 29 U.S.C. §186(c)(5). The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee pension benefit plan," within the meaning of 29 U.S.C. §§1002(37),(3), known as the Sheet Metal Workers' National Pension Fund.   The trust, its trustees and plan are jointly or severally referenced as "NPF" in this Complaint.

6.     Plaintiff Board of Trustees, International Training Institute for the Sheet Metal and Air Conditioning Industry f/k/a National Training Fund for the Sheet Metal and Air Conditioning Industry is the collective name of the trustees of the International Training Institute for the Sheet Metal and Air Conditioning Industry, a trust established under 29 U.S.C. §186(c)(5). The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary," within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee welfare benefit plan," within the meaning of 29 U.S.C. §§1002(37),(1), providing apprenticeship training and educational benefits.  The trust, its trustees and plan are jointly or severally referenced as "ITI" in this Complaint.

7.     Plaintiff Board of Trustees, Sheet Metal Workers' International Association Scholarship Fund ("SMWIASF") is the collective name of the trustees of the Sheet Metal Workers' International Association Scholarship Fund, a trust established under 29 U.S.C. §186(c)(5). The trustees are the "named fiduciary," plan "administrator" and "plan sponsor," within the meaning of 29 U.S.C. §§1102(a), 1002(16), and each is an individual "fiduciary,"

334234-1                                                    3

within the meaning of 29 U.S.C. §1002(21), of a "multiemployer plan" and "employee welfare benefit plan," within the meaning of 29 U.S.C. §§1002(37),(1), providing funded scholarship benefits. The trust, its trustees and plan are jointly or severally referenced as "SMWIASF" in this Complaint.

8.      SASMI, NPF, ITI and SMWIASF are jointly or severally referenced as "ERISA Funds" in this Complaint.

9.      The ERISA Funds and their collection activities are administered from an office(s) at the address(es) listed in the caption of this Complaint.

10.     Plaintiff National Energy Management Institute Committee is a labor management committee established pursuant to the Labor Management Cooperation Act of 1978 and 29 U.S.C. §186(c)(9) that is funded by contributions under collective bargaining agreements. NEMIC is the principal source of funding for National Energy Management Institute ("NEMI"), which is a District of Columbia nonprofit corporation whose directors are comprised of equal numbers of labor and management representatives. National Energy Management Institute Committee and NEMI are jointly or severally referenced as "NEMIC" in this Complaint.

11.     Plaintiff Board of Trustees, Sheet Metal Occupational Health Institute Trust is the collective name of the trustees of the Sheet Metal Occupational Health Institute Trust, a trust established under 29 U.S.C. §186(c)(5). The Sheet Metal Occupational Health Institute Trust is a joint labor-management health and safety organization serving the sheet metal industry. The trust and its trustees are jointly or severally referenced as "SMOHIT" in this Complaint.

12.     SMOHIT, NEMIC and the ERISA Funds are jointly and severally referenced as "Funds" or "Plaintiffs" in this Complaint.

334234-1                                        4

13.    NPF, ITI, SMWIASF, SMOHIT and NEMIC are jointly or severally referenced as "National Funds" in this Complaint.

14.    The trustees of SASMI, NPF, ITI, SMWIASF and SMOHIT bring this action in their collective names or, as necessary or appropriate, in the name of the respective trusts or plans, and their participants, and beneficiaries pursuant to Fed.R.Civ.Pro. 17.

15.    Defendant, TNT Sheetmetal, Inc. d/b/a TNT Sheet Metal Inc. d/b/a TNT Sheet Metal ("Company") is a Massachusetts corporation and an employer in an industry affecting commerce within the meaning of 29 U.S.C. §§152(2), (6) and (7), 1002(5), (11) and (12) with a business office at the address listed in the caption.  The Company does business with the Funds that is sufficient to create personal jurisdiction over the Company in this district and a substantial part of the events or omissions giving rise to the claim occurred from transactions with the Funds' office(s) in this district.

## COMMON FACTS

16.    Company employs employees represented for purposes of collective bargaining by Sheet Metal Worker' International Association and/or one or more of its affiliated Local Unions, which are labor organizations representing employees in an industry affecting interstate commerce and are jointly or severally referenced as "Union" in this Complaint.

17.    At all times relevant to this action, the Company was party to or agreed to abide by the terms and conditions of a collective bargaining agreement(s) with Union (such agreements referred to singly or jointly as "Labor Contract").  A true and correct copy of the Labor Contract is attached as Exhibit 1.

18.    The Company also signed or agreed to abide by the terms of the agreements and declarations of trust of the ITI and NEMIC funds (singly or jointly, "Trust Agreements"), made

334234-1                                                5

between certain employers and employee representatives in an industry(ies) affecting interstate commerce to promote stable and peaceful labor relations.

19.    Under the Labor Contracts, Trust Agreements, rules and regulations adopted by the Funds and applicable law, the Company agreed:

(a)    To make full and timely payment on a monthly basis to the Funds, as required by the Labor Contracts, Trust Agreement and rules and regulations;

(b)    To file monthly remittance reports with the Funds detailing all employees or work for which contributions were required under the Labor Contract;

(c)    To produce, upon request by the Funds, all books and records deemed necessary to conduct an audit of the Company's records concerning its obligations to the Funds and to pay the cost of the audit; and

(d)    To pay liquidated damages, late charges, interest, audit costs, and all costs of litigation, including attorneys' fees, expended by the Funds to collect any amounts due as a consequence of the Company's failure to comply with its contractual and statutory obligations described in Subparagraphs (a), (b) and (c).

20.    Payments due to the Funds are calculated separately for each Fund on remittance reports required to be prepared monthly by each contributing employer.  This is a self-reporting system and Plaintiffs rely on the honesty and accuracy of the employers in reporting hours worked and paid, and in reporting the contributions owed for work by employees.

21.    A completed remittance report and accompanying payment must be submitted to the Funds by no later than the twentieth (20th) day after the end of each calendar month with work (the "Due Date") and are delinquent if received thereafter.

22.    Under the Labor Contract, Trust Agreements and incorporated Rules and

Regulations, Company also is required to pay the following amounts to ITI and NEMIC:

(a)    Interest on any delinquent contributions calculated at a rate of eight and one-half percent (8.5%) per annum;

(b)    Liquidated damages in an amount equal to the greater of: (i) interest on all delinquent contributions; or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and

(c)    All attorneys' fees and costs that ITI and NEMIC incur as a consequence of the Company's failure to comply with its obligations under the Labor Contract, Agreements and Declarations of Trust and incorporated rules and regulations and applicable law.

23.    Under ERISA, Company is required to pay the following amounts to the ERISA Funds:

(a)    Interest on any delinquent contributions calculated at a rate of eight and one-half percent (8.5%) per annum;

(b)    Liquidated damages in an amount equal to the greater of: (i) interest on all delinquent contributions; or (ii) twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed, or which became delinquent subsequent to filing of the lawsuit; and

(c)    Reasonable attorneys' fees and costs that the Funds incur as a consequence of the Company's failure to comply with its obligations under the Labor Contract, Agreements and Declarations of Trust of the Funds, the rules and regulations of the Funds and applicable law.

24.    All conditions precedent to this lawsuit or the relief it seeks have been satisfied.

## COUNT I - CONTRIBUTIONS UNDER ERISA - SUM CERTAIN

### NPF, SMWIASF and SASMI

### v.

### DEFENDANT

25.     The allegations of Paragraph 1 through 24 are incorporated by reference as if fully restated.

26.     During the period January 2012 through October 2012, Company employed persons on whose wages and hours worked and/or paid it is required to submit remittance reports and contributions to the ERISA Funds but has failed to submit the required remittance reports, contributions, interest, late charges and/or liquidated damages to the ERISA Funds in violation of 29 U.S.C. § 1145.

27.     Based upon presently available information, Company owes to the ERISA Funds contributions, interest and liquidated damages as detailed on the attached Exhibit 2.

28.     The ERISA Funds are adversely affected and damaged by the Company's violation of 29 U.S.C. §1145.

**WHEREFORE**, Plaintiffs ask that the Court:

(1)     Enter judgment against Company in favor of the Plaintiffs, for the benefit of the NPF, SMWIASF and SASMI Funds, for at least the sum certain amount plus any additional amounts which may become due during the pendency of this lawsuit together with interest at the rate(s) prescribed by the Trust Agreements from the due date for payment until the date of actual payment, liquidated damages equal to the greater of the interest on the unpaid contributions or liquidated damages provided by the documents governing the ERISA Funds or statute, and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of

any judgment as provided under the Trust Agreements, Rules and Regulations or other benefit plans adopted by the trustees of the ERISA Funds and 29 U.S.C. §1132(g)(2).

(2)      Grant such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT II - CONTRIBUTIONS UNDER CONTRACT - SUM CERTAIN

### SMOHIT, NEMIC and ITI

### v.

### DEFENDANT

29.      The allegations of Paragraphs 1 through 24 are incorporated by reference as if fully restated.

30.      The Company has not paid the Funds as required by the Labor Contract, and other documents incorporated by the Labor Contract, such as the Trust Agreements or rules and regulations.

31.      Based upon presently available information, Company owes to the Funds contributions, interest, and liquidated damages as detailed on the attached Exhibit 2.

32.      Plaintiffs have been damaged as a proximate result of the breach of Labor Contract and/or its incorporated documents by Company.

**WHEREFORE,** Plaintiffs ask that the Court:

(1)      Enter judgment against the Company and in favor of Plaintiffs, for the benefit of the NEMIC, SMOHIT and ITI Funds, for the sum certain currently due plus any additional amounts which become due and owing during the pendency of this litigation or as a result of an audit together with late charges, liquidated damages, interest and attorney fees and costs incurred

in this action or the collection or enforcement of any judgment, as provided in the Labor

Contract and incorporated documents.

    (2)    Grant such other or further relief, legal or equitable, as may be just, necessary or

appropriate.

Respectfully submitted,

_Elizabeth Coleman_
_____
ELIZABETH A. COLEMAN
(VSB NO. 78153)
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106-3683
Phone: (215) 351-0622
Fax: (215) 922-3524
E-mail: lconey@jslex.com

Jerome A. Flanagan *
JENNINGS SIGMOND, P.C.
The Penn Mutual Towers
510 Walnut Street, 16th Floor
Philadelphia, PA 19106-3683
Phone: (215) 351-0616
Fax: (215) 922-3524
E-mail: dcosta@jslex.com

Attorneys for Plaintiffs

Date:_____1/10/13_____

*Application for Pro Hac Admission of Jerome A. Flanagan shall be made at the appropriate
time.